

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Robert C. Santoro
robert.santoro@dlapiper.com
T  212.335.4557
F  917.778.8557

January 27, 2020
VIA ECF

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007



Re: *Estate of Michael Heiser, et al. v. Clearstream Banking, S.A.*,
Case No. 19-cv-11114

*Letter Seeking Stay of Case*

Dear Judge Schofield:

This office is counsel to the Estate of Michael Heiser, *et al.*, the Petitioners in the above-referenced action (the "Petitioners"). I am writing on behalf of the Petitioners and the respondent Clearstream Banking, S.A. ("Clearstream").[1] There are currently three other cases pending before Judge Preska which are related judgment enforcement proceedings filed by judgment creditors of the Islamic Republic of Iran ("Iran"): *Peterson et al. v. Islamic Republic of Iran et al.*, No. 13 Civ. 9195 (LAP) ("*Peterson II*"); *Levin et al. v. Clearstream Banking S.A. et al.*, Case No. 1:18-cv-12217 (LAP) ("*Levin*"); and *Havlish et al. v. Clearstream Banking S.A. et al.*, No. 16-cv-8075 (LAP) ("*Havlish*"). All of these cases, including the above-captioned case, seek to execute on the same assets based on similar legal theories. The Petitioners are simultaneously filing a Related Case Statement with respect to *Levin*, *Peterson II*, and *Havlish* and believe that the present matter should be transferred to Judge Preska pursuant to Rule 13 of the Rules for the Division of Business among District Judges.

The oldest of these three cases is *Peterson II*. Clearstream, Bank Markazi, and Banca UBAE, S.p.A. filed petitions for certiorari in the United States Supreme Court seeking review of the United States Court of Appeals for the Second Circuit's decision in *Peterson II*. See *Peterson v. Islamic Republic of Iran*, 876 F.3d 63 (2d Cir. 2017). On March 1, 2018, the Second Circuit stayed the issuance of the mandate in *Peterson II* pending the resolution of these petitions for certiorari. On January 13, 2020, the Supreme Court issued a summary disposition granting the parties' petitions for certiorari, vacating the

---

[1] By joining in this letter, Clearstream does not waive and expressly preserves all defenses to the claims asserted, including without limitation defenses based upon lack of personal jurisdiction or improper venue.



January 27, 2020
Page Two

Second Circuit's judgment, and remanding the case to the Second Circuit for further consideration in light of the National Defense Authorization Act for Fiscal Year 2020, Pub. L. No. 116-___ (S. 1790), which contains provisions concerning the assets identified in *Peterson II*.

The *Havlish* and *Levin* actions have been stayed since their inception in light of the various appellate proceedings in *Peterson II*. The outcome of the ongoing appellate proceedings in *Peterson II* is likely to bear significantly on the conduct of the present matter. For this reason, the parties believe that the present action should be stayed pending resolution of the *Peterson II* appeal.

Petitioners have requested, and Clearstream has agreed, to waive service of the summons. Accordingly, in the absence of the requested stay, the parties agree that Clearstream will have 90 days from today to answer or file a motion under Rule 12. In waiving service, Clearstream retains and preserves all other defenses and objections to the lawsuit, including but not limited to lack of personal jurisdiction and venue.

This office remains available to answer any questions the Court may have.

Respectfully,

Robert C. Santoro

SO ORDERED

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

1/10/20

cc: Benjamin S. Kaminetzky (ben.kaminetzky@davispolk.com)
Gerard McCarthy (gerard.mccarthy@davispolk.com)

EAST\171641765.2